# In the United States Court of Federal Claims

No. 24-365

(Filed under seal: March 22, 2024)
(Reissued: May 22, 2024)

|  |  |
|---|---|
| **AIRBOSS DEFENSE GROUP, LLC,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| **UNITED STATES,** | ) ) ) |
| Defendant | ) ) ) |
| **NEW YORK EMBROIDERY STUDIO, INC.** | ) ) ) ) |
| Applicant for Intervention. | ) |

Daniel Graham, McDermott Will & Emery LLP, Washington, D.C., for plaintiff AirBoss Defense Group, LLC.  With him on the briefs was Llewelyn M. Engel, McDermott Will & Emery LLP, Washington, D.C.

Jana Moses, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the United States.  With her on the briefs were Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, Patricia M. McCarthy, Director, Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, United States Department of Justice, Wahsington, D.C. Megan R. Nathan, and Anthony E. Marrone, Office of the General Counsel, General Law Division, United States Department of Health and Human Services.

Tara Hopkins, Haynes & Boone, LLP, Tysons Corner, Virginia, for New York Embroidery Studio, Inc.  With her on the briefs were Jonathan D. Shaffer and Aaron A. Kor, Haynes & Boone, LLP, Tysons Corner, Virginia.

# OPINION AND ORDER[1]

LETTOW, Senior Judge.

Pending before the court in this bid protest is a motion to intervene filed by New York Embroidery Studio, Inc. ("NYES"). *See* NYES's Mot. to Intervene ("Mot. to Intervene"), ECF No. 11. NYES moves to intervene as defendant-intervenor pursuant to Rule 24(a) of the Rules of the Court of Federal Claims ("RCFC"), *id.* at 1-5, or, alternatively, pursuant to RCFC 24(b), *id.* at 6. Plaintiff, AirBoss Defense Group, LLC ("AirBoss" or "ADG") filed an opposition to NYES's intervention on March 12, 2024. *See* Pl.'s Opp'n to Mot. to Intervene ("Pl.'s Opp'n"), ECF No. 13. NYES filed its reply in support of intervention on March 15, 2024. *See* Reply in Supp. of Mot. to Intervene ("Reply"), ECF No. 18. The motion accordingly is fully briefed and ready for disposition.[2]

## BACKGROUND

On March 7, 2024, plaintiff, a supplier of personal protective equipment ("PPE"), initiated this pre-award bid protest against defendant, the United States, acting by and through the U.S. Department of Health and Human Services, Administration for Strategic Preparedness and Response ("HHS" or the "government"). *See* Compl., ECF No. 1. Specifically, AirBoss seeks relief from HHS's decision to "[***] under Request for Proposal No. 75A50322R00008 for Level 2 Isolation Gowns." Compl. at 1. Its challenge follows a September 27, 2023, notice from HHS that indicated that plaintiff had not been selected for award of the contract at issue, and that instead a single contract award had been made to NYES. Compl. ¶ 27.

Subsequently, plaintiff filed a protest at the U.S. Government Accountability Office ("GAO") on October 4, 2023, as well as supplemental protests on October 10, 2023, and October 20, 2023. Compl. ¶¶ 30-31. Relatedly, plaintiff represents that "five other contractors filed six separate protests challenging HHS's award decision" with the GAO. Compl. ¶ 32. At the same time, NYES notes that it "received a stop-work order from HHS" on October 5, 2023, and that "NYES was admitted as an Intervenor of Right" in each of the six protests brought at GAO. Mot. to Intervene at 3. Ultimately, on October 27, 2023, HHS entered a Notice of Corrective

---

[1] Because of the protective order entered in this case, this opinion was initially filed under seal. The parties were requested to review the decision and provide proposed redactions of confidential or proprietary information. Redactions are shown by asterisks enclosed by brackets, *e.g.*, "[***]."

[2] As directed in this court's March 13, 2024, status conference, defendant memorialized its position that it "does not oppose permissive intervention under RCFC 24(b)." Def.'s Resp. in Supp. of Mot. to Intervene ("Def.'s Resp.") at 1, ECF No. 17. Although the government argues that "NYES cannot demonstrate it is entitled to intervene as of right," it indicated it "do[es] not oppose NYES's motion to permissively intervene in this protest," as it believes such intervention would not result in undue prejudice or delay, NYES's arguments will share common questions of law and fact as that of AirBoss's protest, and the government "cannot be certain that the [c]ourt's decision in this protest will have no bearing on NYES's future standing in the procurement." Def.'s Resp. at 3-4.

Action and Request for Dismissal which, among other things, indicated that HHS would "[r]econsider" its "technical evaluation of proposals," and "[m]ake a new source selection decision."  Compl. ¶¶ 33-34.  Correspondingly, GAO "dismissed all of the protests regarding the award to NYES as academic on November 3, 2023."  Compl. ¶ 35.

On February 14, 2024, "HHS issued Amendment 8 to the Solicitation, requesting that those offerors within the competitive range submit a five (5) page addendum to their technical proposals and submit updated business (price) proposals."  Mot. to Intervene at 3.  [***] *Id.*  Now, classifying itself as the awardee under the contract at issue, NYES moves to intervene in this bid protest, on the basis that it has a substantial interest which cannot otherwise be adequately protected by the parties currently before this court.  *See id.*

## STANDARDS FOR DECISION

RCFC 24 provides the basis for an interested party to intervene in a matter before the court.  RCFC 24(a) provides for intervention of right when, "[o]n timely motion," an intervenor-applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  RCFC 24(a)(2).  To establish intervention of right pursuant to RCFC 24(a), an intervenor-applicant must demonstrate that it has: "(1) an interest in the subject matter of the litigation; (2) an impairment of that interest if intervention is denied; and (3) inadequate representation of its interests by the parties in the action."  *Am. Renovation & Const. Co. v. United States*, 65 Fed. Cl. 254, 259 (2005); RCFC 24(a).  As a general principle, "the requirements for intervention are to be construed in favor of intervention."  *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989).  Nonetheless, for intervention of right to be warranted, the potential intervenor must demonstrate that its interest in the matter is legally protectable, to the extent that it is "of such a *direct* and *immediate* character that the intervenor will either gain or lose by the *direct* legal operation and effect of the judgment."  *Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Ass'ns*, 695 F.3d 1310, 1315 (Fed. Cir. 2012) (quoting *Am. Mar. Transp. Inc.*, 870 F.2d at 1561).

Also, RCFC 24(b) provides for permissive intervention.  Specifically, RCFC 24(b) allows the court to "permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  RCFC 24(b)(1)(B).  In determining whether permissive intervention is warranted under RCFC 24(b), the court must consider whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights."  RCFC 24(b)(3).  Unlike intervention of right pursuant to RCFC 24(a), permissive intervention "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation."  *Sec. Exch. Comm'n v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940) (interpreting Federal Rule of Civil Procedure 24).[3]

---

[3] Because Federal Rule of Civil Procedure 24 mirrors RCFC 24, the rules should be interpreted *in pari materia*.

When considering a motion to intervene, courts will generally "accept as true all well-pleaded, nonconclusory allegations in the motion to intervene, in the proposed complaint or answer in intervention, and in declarations supporting the motion, absent sham, frivolity, or other objections." *Am. Renovation & Const. Co.*, 65 Fed. Cl. at 258.

## ANALYSIS

NYES moves to intervene as of right, pursuant to RCFC 24(a), or, alternatively, seeks permissive intervention according to the court's discretion, pursuant to RCFC 24(b). *See generally* Mot. to Intervene.[4]

*A.  Intervention as of Right*

NYES moves to intervene as of right, claiming that it has a substantial interest in the subject of this action, which will be impaired absent intervention, and which cannot be adequately represented by the current parties to the case. Mot. to Intervene at 2-5; *see also* Reply at 1-5.[5]  NYES's argument for intervention revolves around its characterization that NYES was "the awardee under the Solicitation" at issue in this bid protest. *See* Mot. to Intervene. at 1, 3; *see also* Reply at 4 ("Again, NYES is the current contract awardee."). Specifically, NYES argues intervention is warranted because plaintiff "seeks to displace NYES as the awardee and deprive NYES of its interests in the [at-issue] [c]ontract." Mot. to Intervene at 3.  On this basis, NYES contends that it has a "'*direct* and *immediate*' interest in the subject matter of this protest as it will 'either gain or lose by the *direct* legal operation and effect of the judgment' of this protest." *Id.* (quoting *Am. Mar. Transp., Inc.*, 870 F.2d at 1561).  Moreover, NYES contends that it will suffer an impairment of its "substantial interest" in the absence of intervention, because "[i]f [plaintiff] prevails in this protest, NYES will suffer a nontrivial competitive injury because it may be precluded from, and deprived of, the opportunity to fulfill, and receive revenue from, the [at-issue] [c]ontract." *Id.* at 3-4.  Finally, NYES avers that its "interests are inadequately represented by the parties in this action" because "NYES's interests are similar but not identical to the Agency's interests." *Id.* at 4.  In a similar vein, NYES contends intervention is required to protect its "vital interest in protecting its proprietary and otherwise business-sensitive proposal information that could well arise in this protest." *Id.*

AirBoss opposes NYES's motion to intervene as of right, on the basis that NYES has not met any of RCFC 24(a)'s requirements other than timeliness. Pl.'s Opp'n at 2.  At baseline, plaintiff contests NYES's characterization of its status as current awardee.  Instead, plaintiff contends that NYES is "only one of several offerors [***] for an award." *Id.*  Because AirBoss classifies NYES as "an offeror [***]," rather than an awardee, it avers that NYES "does not stand to 'gain or lose by the direct legal operation and effect of the judgment'" of this court. *Id.*

---

[4] In the further alternative, NYES seeks to appear as amicus curiae, in the event the court denies intervention. *See* Mot. to Intervene at 6.  This alternative, however, is not necessary for the court to consider, given its resolution of the question of intervention. *See infra* at 6-7.

[5] NYES correctly avers, and plaintiff does not dispute, that its motion to intervene is timely, as RCFC 24 requires.  Mot. to Intervene at 5; Pl.'s Opp'n at 2.

4

at 2-3 (quoting *Wolfsen Land & Cattle Co.*, 695 F.3d at 1315).  In the same vein, AirBoss disputes whether NYES "will suffer a nontrivial competitive injury" if plaintiff is successful in this bid protest, Mot. to Intervene at 4, because plaintiff's protest merely "challenges [plaintiff]'s [***]," and "NYES has no 'legally protectable' interest in avoiding competition with [plaintiff] in this procurement."  Pl.'s Opp'n at 3.  Moreover, AirBoss objects to NYES's assertion that NYES's interests cannot be adequately represented by the government in this matter, on the basis that NYES's "conclusory statement" to this effect "is devoid of any facts or evidence" in support.  *Id.* at 4.  Finally, plaintiff objects to NYES's intervention for the purpose of protecting its proprietary data, on the basis that the court's standard protective order sufficiently guards against the disclosure of such information, and NYES "cannot demonstrate that the [c]ourt's protective order is inadequate to protect NYES's interests" in this respect.  *Id.*[6]

The court agrees with AirBoss that intervention of right is unwarranted.  Put simply, NYES's interest in the subject of this bid protest is too attenuated to mandate intervention of right.  In *American Maritime Transport, Inc. v. United States*, this court denied a motion to intervene filed by applicants who were not parties to the contract at issue before the court, but who argued that if plaintiff prevailed in its contract dispute, "applicants [would] be in a disadvantaged position to compete for future unspecified contracts."  *Am. Mar. Transp., Inc. v. United States*, 15 Cl. Ct. 29, 29-31 (1988), *aff'd,* 870 F.2d 1559 (Fed. Cir. 1989).  The court identified the essence of the motion to intervene – brought by applicants who had unsuccessfully competed for the contract at issue – as revolving around the argument that they would "be damaged by increased competition if plaintiff prevails."  *Id.* at 30.  The court found this argument unconvincing.  Specifically, the court explained that the applicants had "alleged nothing more than an indirect and contingent economic interest in this suit based upon the possibility of increased competition."  *Id.*  "Such an attenuated interest," the court concluded, "is insufficient to intervene as of right."  *Id.*

Moreover, the court in *Nevada Site Science Support and Technologies Corp. v. United States* denied intervention when disappointed bidders sought to participate in a bid protest challenging the United States Department of Energy's rescission of a contract award made to another, successful, bidder.  128 Fed. Cl. 337, 337-38 (2016).  Concluding that intervention as of right was unwarranted, the court explained that, although "[t]he potential intervenors would certainly have an interest in getting a contract of which they are legally qualified, and, if the plaintiff loses the protest, one of the potential intervenors may receive the subsequent award," "the simple fact that a party might benefit from another's legal misfortune does not lead to an understanding that said party should have a role in occurrence of that legal misfortune."  *Id.* at 338.

Similarly, here, NYES's interest revolves around the threat of increased competition.  NYES is not the current awardee of the at-issue contract, as the award to it was vacated following the GAO protests.  *See* Compl. ¶¶ 30-35.  Instead, NYES is one of many other potential offerors [***].  As such, as NYES articulates, "[i]f Air[B]oss prevails in this protest, NYES will suffer a nontrivial competitive injury because it may be precluded from, and deprived

---

[6] Alternatively, plaintiff requests that, in the event the court grants NYES's motion to intervene, it does so only for the limited purpose of protecting its proprietary or confidential data.  Pl.'s Opp'n at 4 n.2.

of, the opportunity to fulfill, and receive revenue from, the [c]ontract." Mot. to Intervene at 4; *see also* Reply at 3 (claiming that AirBoss's success in this protest would competitively disadvantage NYES). Indeed, this court in *American Maritime Transport* rejected a similar "contingent economic interest" when it was "based upon the possibility of increased competition," because such an interest was too "attenuated." 15 Cl. Ct. at 30. In this case, plaintiff concedes that it "does not challenge the [***]" and no other source of law would limit the number of offerors [***]. Pl.'s Opp'n at 2. As such, the only interest NYES would be advancing as an intervenor-as-of-right would be the same sort of competitive injury that this court has previously rejected as too attenuated to be cognizable.

Moreover, as the court concluded in *Nevada Site Science Support*, the mere fact that NYES could benefit from the outcome in this case does not itself entitle NYES to intervention. *See* 128 Fed. Cl. at 338. In its reply, NYES seeks to distinguish *Nevada Site Science* as "inapposite," on the basis that the intervenor-applicants in that case "were *not* prior awardees." Reply at 2 (citing 128 Fed. Cl. at 337-38) (emphasis added). This court, however, disagrees with NYES's characterization that it is a current awardee of the contract at issue. Indeed, as the government itself states "[t]his is a *pre-*award protest." Def.'s Resp. at 3 (emphasis added). Regardless of the fact that at a prior point in time NYES was once the awardee of the contract at issue, the contractual landscape has reverted to its pre-award posture. As such, NYES cannot distinguish *Nevada Site Science* on this basis. Therefore, because it does not have a sufficiently direct interest in the action, NYES is not entitled to intervention of right pursuant to RCFC 24(a).

### B. *Permissive Intervention*

NYES alternatively seeks permissive intervention pursuant to RCFC 24(b), on the grounds that NYES "'has a claim or defense that shares with the main action a common question of law or fact,'" specifically, "that the current [s]olicitation requires no further amendment." Mot. to Intervene at 6 (quoting RCFC 24(b)(1)(B)); *see also* Reply at 6-7. Moreover, NYES avers that it could provide a beneficial and unique perspective to this court's determination regarding the issues at play in this protest. *See* Mot. to Intervene at 6 (citing Order at 1-2, *Noble Supply & Logistics LLC v. United States*, No. 23-1116C (Fed. Cl. August 17, 2023), ECF No. 25). Finally, NYES assures that, as required for permissive intervention, its intervention would not "unduly delay or prejudice the adjudication of the original parties' rights," RCFC 24(b)(1)(C), as NYES would "comply with any dates for [d]efendant's filings in any scheduling order that the [c]ourt issues." *Id.*

AirBoss opposes permissive intervention, and avers that "whatever argument NYES plans to make, it is not a 'claim or defense'" as required by RCFC 24(b)(1)(B). Pl.'s Opp'n at 4-5. Specifically, it notes that "[***], and any amendment to the Solicitation will not exclude NYES [***]," and that in any event, "NYES has no idea what amendment to the Solicitation may be required because NYES has not seen [plaintiff]'s [c]omplaint." *Id.* at 5. As such, plaintiff contends NYES's argument that the Solicitation ought not be amended further is not an appropriate basis for permissive intervention. *Id.*

The court finds that permissive intervention is warranted. Permissive intervention is a more flexible standard than intervention of right. *See Sec. Exch. Comm'n v. U.S. Realty & Improvement Co.*, 310 U.S. at 459. As NYES has identified, *see* Reply at 6-7, this court has

6

previously rejected "hypertechnical" conceptions of the RCFC 24(b) "common question of law or fact" requirement. *Air Borealis Ltd. P'ship v. United States*, 162 Fed. Cl. 778, 782 (2022). Indeed, in *Air Borealis Limited Partnership*, this court concluded permissive intervention would be warranted for the offeror that would be "perform[ing] the work and receiv[ing] payment" under an at-issue contract, even if that offeror "has not itself been sued," because "its arguments [were] the '*kind* that *can*' be raised in litigation." *Id.* at 782 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 n.18 (1997)). Moreover, the court concluded permissive intervention was warranted even though the precise arguments intervenor-applicant planned to make were uncertain, because "whatever [the] exact argument[s] turn out to be, they would 'share[ ] with the main action a common question of law or fact' simply because they would arise from the same procurement, reflected in the same administrative record, and [be] governed by the same law." *Id.* at 782-83 (quoting *Mitchco Int'l, Inc. v. United States*, 149 Fed. Cl. 683, 685 (2020)).

Similarly, here, permissive intervention is warranted, even if NYES is not presenting a "claim or defense" in the strict sense, and even if the precise arguments NYES plans to make in the litigation are uncertain. Indeed, this court agrees with NYES that AirBoss's conception of when permissive intervention would be warranted is "hypertechnical." Reply at 6. Instead, as NYES emphasizes, its arguments, whatever they turn out to be, would certainly be of the type contemplated by this court when it granted permissive intervention in *Air Borealis*, as they "would arise from the same procurement, reflected in the same administrative record, and [be] governed by the same law." Reply at 7 (quoting *Air Borealis Ltd. P'ship*, 162 Fed. Cl. at 782-83). Moreover, this court agrees that, as a prior awardee and offeror, NYES would furnish a beneficial perspective to the court in this protest, and would represent a unique interest that would not necessarily be fully advanced by the government in this case. *See* Mot. to Intervene at 6; *see also* Def.'s Resp. at 4 (the government "will act in the best interests of the United States and ha[s] no duty to adequately protect NYES's competitive interests. It is NYES's duty to protect its own interests."). As such, under the more flexible standard of RCFC 24(b), NYES is entitled to permissive intervention in this protest.

## CONCLUSION

For the reasons stated, NYES's motion to intervene pursuant to RCFC 24(b) is GRANTED.

It is so **ORDERED**.

s/ Charles F. Lettow<br>
Charles F. Lettow<br>
Senior Judge